IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, <br><br> Plaintiffs, <br><br> v. <br><br> LEWIS TRUCK LINES, INC., a North Dakota corporation, <br><br> Defendant. | Case No. 07 C 1042 <br> Judge John W. Darrah <br> Magistrate Judge Michael T. Mason |

## MOTION FOR ENTRY OF JUDGMENT BY DEFAULT

**NOW COME** Plaintiffs, by and through their attorneys, and move this Court for entry of Judgment by Default against the Defendant, Lewis Truck Lines, Inc., a North Dakota corporation, and in support thereof state as follows:

1. Plaintiffs' complaint was filed on February 22, 2007 and Defendant Lewis Truck Lines, Inc. ("Lewis") was served on March 14, 2007. *See* a copy of the proof of service, attached hereto as Exhibit A. To date Defendant Lewis has not filed an appearance, answer or other responsive pleading.

2. The Central States, Southeast and Southwest Areas Pension Fund and the Central States, Southeast and Southwest Areas Health and Welfare Fund (hereinafter collectively referred to as "Central States" or individually referred to as the "Pension Fund" or the "Health and Welfare Fund") receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and various local unions

affiliated with the International Brotherhood of Teamsters ("IBT") and therefore, are multiemployer plans. 29 U.S.C. § 1002(37).

3. The contributions received by the Pension Fund and the Health and Welfare Fund are used to provide retirement benefits and health and welfare benefits for the participants and beneficiaries of the Pension Fund and the Health and Welfare Fund. *See* ¶ 7 of Donald S. Schaefer Affidavit, attached hereto as Exhibit B, hereinafter ¶__ of Schaefer Aff., Ex. B.

4. Defendant Lewis is an employer which at all times relevant was bound by the provisions of collective bargaining agreements known as the National Master Freight Agreement and Central Region Local Cartage and Over-The-Road Motor Freight Supplemental Agreement and Participation Agreements entered into with various Local Unions affiliated with the IBT. Pursuant to the provisions of the collective bargaining agreements (including the NMFA) and the Participation Agreements, Defendant Lewis is required to pay monthly contributions to Central States on behalf of employees who perform bargaining unit work as described by the collective bargaining agreements (including the NMFA). The Pension Fund and Health and Welfare Fund Trust Agreements also require the Defendant to pay interest on contributions that are not submitted in a timely fashion. ¶ 8 of Schaefer Aff., Ex. B.

5. Participating employers are required to advise Central States with respect to the names of those individuals who perform covered work and are required to indicate which weeks are worked by the employees. Based upon the work history reported by the employers, Central States bills the employers for contributions. ¶ 9 of Schaefer Aff., Ex. B.

## I. Liability Under Count I for Failure to Pay Required Contributions

6. Defendant Lewis has breached the provisions of ERISA, the collective bargaining agreements, the Participation Agreements, the Pension Fund Trust Agreement and the Health and Welfare Fund Trust Agreement by failing to pay all of the contributions (and interest due thereon) which the employee work history it reported revealed to be owed to the Pension Fund and the Health and Welfare Fund for the month of December 2006 and by failing to pay contributions to the Pension Fund and the Health and Welfare Fund for employees receiving worker's compensation for the period January 1, 2007 through April 28, 2007. ¶ 10 of Schaefer Aff., Ex. B.

7. Pursuant to 29 U.S.C. § 1132(g)(2), interest is computed and charged at the rate set by the plan. ¶¶ 11, and 12 of Schaefer Aff., Ex. B.

8. Pursuant to the provisions of the Central States' Trust Agreements interest is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged. ¶ 13 of Schaefer Aff., Ex. B.

9. Defendant Lewis owes to the Pension Fund $49,068.40 in contributions and $1,660.32 in accumulated interest through May 22, 2007 and Defendant Lewis owes to the Health and Welfare Fund $47,622.70 in contributions and $1,566.63 in accumulated interest through May 22, 2007. ¶ 14 of Schaefer Aff., Ex. B.

10. Pursuant to the provisions of the Central States' Trust Agreements and federal law (29 U.S.C. § 1132(g)(2)(C)), Defendant Lewis is required to pay the greater of either doubled interest or single interest plus liquidated damages on all contributions that were delinquent or which became delinquent while this action has been pending including contributions paid after suit was filed but before the entry of judgment. The amount of

contributions owed by Defendant Lewis to the Pension Fund upon filing of this action or which became delinquent while this action has been pending totals $49,068.40. Therefore, this is the figure used in calculating liquidated damages owed to the Pension Fund by Defendant Lewis totaling $9,813.65. The amount of contributions owed by Defendant Lewis to the Health and Welfare Fund upon filing of this action or which became delinquent while this action has been pending totals $47,622.70. Therefore, this is the figure used in calculating liquidated damages owed to the Health and Welfare Fund by Defendant Lewis totaling $9,524.54. ¶ ¶ 15, 16, 17 of Schaefer Aff., Ex. B.

11. Pursuant to the provisions of the Trust Agreements and ERISA, 29 U.S.C. § 1132(g)(2)(D), Defendant Lewis is required to pay all attorneys' fees and costs incurred in connection with this case. The attorneys' fees total $2,201.00 and costs total $393.37. *See* ¶4 of Rathna C. Rodgers Affidavit, attached hereto as Exhibit C.

## II. Liability Under Count II for Breach of 2001 Payment Plan Arrangement for Past Due Contributions

12. Additionally, the parties executed a Settlement Agreement and Release ("Settlement Agreement") on August 2001 which incorporated a Security Agreement and two Promissory notes. ¶ 18 of Schaefer Aff., Ex. B.

13*.* Pursuant to paragraph 6 of the Settlement Agreement, Defendant Lewis agreed to make weekly payments to the Pension Fund and the Health and Welfare Fund which were to first to be applied to Defendant Lewis' contribution obligation for the prior calendar week, with the remainder of the balance of the weekly payment to be applied to the balance owed on the two Promissory Notes. ¶ 19 of Schaefer Aff., Ex. B.

14. Pursuant to paragraph 2 of the Promissory Notes, Defendant Lewis was to continue to make weekly payments until the remaining principal and interest were paid on the two Promissory Notes. ¶ 20 of Schaefer Aff., Ex. B.

15. Defendant Lewis has breached the Settlement Agreement, the Promissory Notes and the Security Agreement by not making the required weekly payments on a timely basis. ¶ 21 of Schaefer Aff., Ex. B.

16. Pursuant to paragraph 4 of the Promissory Notes, Defendant Lewis agreed to pay "the principal sum remaining unpaid hereon, together with interest and late charges". ¶ 22 of Schaefer Aff., Ex. B.

17. Pursuant to paragraph 5 of the Promissory Notes, Defendant Lewis agreed that in the event of a default, the entire balance of principal and /or remaining interest shall bear interest at the rate of five percent more than the Regular Rate. Pursuant to the Promissory Notes, the Regular Rate is defined as "2% above the Prime Rate in effect at the Chase Manhattan Bank (N.Y., N.Y.) as determined on the 15th day of the month preceding the due date of each payment". ¶ 23 of Schaefer Aff., Ex. B.

18. The aggregate of the Promissory Notes remaining unpaid together with unpaid interest owed thereon from June 19, 2001 through May 22, 2007 totals $172,234.63 ($142,174.33 in principal plus $30,060.30 in interest) to the Pension Fund and totals $132,126.85 ($100,676.41 in principal plus $31,450.44 in interest) to the Health and Welfare Fund. ¶ 24 of Schaefer Aff. Ex. B.

19. Pursuant to paragraph 8(c) of the Settlement Agreement, in the event of a default, Defendant Lewis consents to the entry of a judgment for liquidated damages which

are stipulated to be as follows and will be due in full regardless of any payments made under this Agreement, the Promissory Notes or the Guarantee:

| | |
|---|---|
| Pension Fund | $48,636.17 |
| Health and Welfare Fund | $33,873.39 |

¶ 25 of Schaefer Aff., Ex. B.

20.     Pursuant to Paragraph 6 of the Promissory Notes, Plaintiffs may collect from Defendant Lewis a late charge of 4% of any monthly installment not paid on or before its due date. The amount of the late charges owed to the Pension Fund are $30,053.92, and the amount of late charges owed to the Health and Welfare Fund are $20,884.92  ¶ 26 of Schaefer Aff., Ex. B.

21.      Pursuant to paragraph 8(d) of the Settlement Agreement, in the event of a default, Defendant Lewis consents to the entry of a judgment for all attorneys' fees and costs incurred by the Trustees in connection with Defendant Lewis' delinquencies and in connection with the monitoring and enforcement of any of the Financing Documents including this Settlement Agreement and the Promissory Notes. The attorneys' fees total $1,762. *See* ¶4 of Rathna C. Rodgers Affidavit attached hereto as Exhibit C.

22.     Under the Pension Fund's Plan, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the months for which the interest is charged. ¶ 27 of Schaefer Aff., Ex. B.

23.     Attached hereto as Exhibit D is a draft Judgment Order.

**WHEREFORE**, the Plaintiffs respectfully request the following relief:

    a.    A Judgment in favor of the Pension Fund and Howard McDougall, trustee and against the Defendant Lewis Truck Lines, Inc., in the amount of $313,645.30, calculated as follows:

**A. Count I**
| | |
|---|---:|
| Contributions | $ 49,068.40 |
| Interest through May 22, 2007 | 1,660.32 |
| Liquidated Damages | 9,813.68 |
| | $ 60,542.40 |

**B. Count II**
| | |
|---|---:|
| Promissory Note Balance | $172,234.63 |
| Stipulated Liquidated Damages | 48,636.17 |
| Late Charges | 30,053.92 |
| | $250,924.72 |

**C.**    Attorneys' Fees and Court Costs    $ 2,178.18

    TOTAL    $313,645.30

    b.    A Judgment in favor of the Health and Welfare Fund and Howard McDougall, trustee and against the Defendant Lewis Truck Lines, Inc., in the amount of $247,777.22, calculated as follows:

**A. Count I**
| | |
|---|---:|
| Contributions | $47,622.70 |
| Interest through May 22, 2007 | 1,566.63 |
| Liquidated Damages | 9,524.54 |
| | $ 58,713.87 |

**B. Count II**
| | |
|---|---:|
| Promissory Note Balance | $132,126.85 |
| Stipulated Liquidated Damages | 33,873.39 |
| Late Charges | 20,884.92 |
| | $186,885.16 |

**C.**    Attorneys' Fees and Court Costs    $ 2,178.19

    TOTAL    $247,777.22

c. That Plaintiffs are awarded post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.

d. That this judgment does not bar claims based upon unreported employee work history for the period prior to January 2007.

e. That this Court retain jurisdiction to enforce the provisions of its Order.

Respectfully submitted,

s/ Rathna C. Rodgers
Rathna C. Rodgers (ARDC #06239131)
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 3435
rrodgers@centralstatesfunds.org

May 3, 2007